IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JOE C. WASHINGTON | } | Case No. _____ |
|           Plaintiff, | } | |
| | } | DESIGNATED PLACE OF TRIAL |
| v. | } | |
| | } | |
| JARED HENRY, sued in his | } | WICHITA, KANSAS |
| Individual and official capacity as duly | } | |
| Appointed and acting Police Officer of the | } | |
| CITY OF WICHITA, KANSAS, and | } | **JURY TRIAL DEMANDED** |
| DONALD MOORE, sued in his | } | |
| Individual and official capacity as duly | } | |
| Appointed and acting Police Officer of the | } | |
| CITY OF WICHITA, KANSAS | } | |
|           Defendants. | } | |

COMES NOW Plaintiff Joe Washington, by and through her attorney Prince Adebayo Ogunmeno of Kansas City, Kansas, and for his cause of action against the defendants state and alleges as follows:

## **PARTIES**

1. The Plaintiff Joe Washington is an individual person, adult citizen of the United States and at all times material to this complaint is a resident of the State of Kansas.

2. The defendant Jared Henry (hereinafter referred to as "Henry"), is an individual person and at all times material to this complaint he was a duly appointed and acting Police Officer of the City of Wichita, Kansas, a municipality organized by the virtue of the laws of the State of Kansas.

3. The defendant Henry is sued in his individual and official capacity; and upon information and belief is a resident of this district.

1

4. The defendant Donald Moore (hereinafter referred to as "Moore") is an individual person and at all times material to this complaint was a duly appointed and acting Police Officer of the City of Wichita, Kansas, a municipality organized by the virtue of the laws of the State of Kansas.

5. The defendant Henry is being sued in his individual and official capacity; and upon information and belief is a resident of this district.

6. The City of Wichita, Kansas, is a municipality organized by the virtue of the laws of the State of Kansas.

## JURISDICTION AND VENUE

7. The above paragraphs are incorporated by reference.

8. This cause of action arises out of traffic stop in the City of Wichita, Kansas.

9. Jurisdiction lies with this court pursuant to federal question jurisdiction under 28 U.S.C. §1331; 28 U.S.C. §1343(1)(2)(3)(4); and 42 U.S.C. §1983, the Fourth, and Fourteenth Amendments to the United States Constitution in that all the defendants are resident of this district and all the acts or omissions which gave rise to this cause of action occurred within this district.

10. Each and all of the acts of defendants were done under color of state law.

## FACTS

11. The above paragraphs are incorporated by reference.

12. On or about August 7, 2014, plaintiff was going about his lawful business and was near his home when he saw in his rear view mirror a police patrol about block away.

13. The patrol car appears to be driving within normal speed limit and without siren sounds.

14. Plaintiff has no indications the police patrol car was coming after him because he had obeyed traffic laws as he travelled toward his house.

15. The distance between plaintiff and the police patrol car allows plaintiff sufficient time for plaintiff to back his car into his house's driveway.

16. As plaintiff completed the safe parking of his car, he noticed the police patrol car stopped in the middle of the street diagonally across his house; and a police officer later identified as defendant Henry jumped out of the patrol car, drawn his service gun pointed at plaintiff; and yelled "stop."

17. Before plaintiff could blink an eye, defendant Henry swung open plaintiff's driver side door and grabbed plaintiff.

18. Without any resistant from plaintiff, defendant Henry yanked plaintiff out of the car.

19. However, as defendant Henry dragged plaintiff out of his car, defendant Henry delivered a wicked knee blow to plaintiff's ribs and stomach area knocking plaintiff cold face down on the ground.

20. The defendant Moore promptly joined in the violent attacks on plaintiff when he jumped on plaintiff's back, placed his knee on plaintiff neck, and pinned plaintiff's head to the ground.

21. Plaintiff's pleas that he is not resisting arrest and that defendant should simply arrest him apparently irate defendants the more.

22. It was then that the defendant Henry removed his taser gun and deployed numerous taser probes into plaintiff's body; and both defendant Henry and Moore continued to violently attack the plaintiff.

23. Shortly thereafter, another police officer arrived at the scene, took plaintiff's hand behind his back, and handcuffed plaintiff's hands with ease.

24. However, as plaintiff was been picked up from the ground in handcuffs, without provocation from the plaintiff, defendant Henry sadistically delivered several heavy closed fists blows onto the plaintiff face.

25. Soon thereafter, an ambulance crew arrived at the scene and gave plaintiff first-aid assistance.

26. The plaintiff's requested that he been transported to the hospital for medical treatment of the injuries he suffered, but defendants denied plaintiff's request for medical treatment.

27. Instead, the defendants took plaintiff directly to jail for booking.

## COUNT ONE
## JARED HENRY VIOLATED PLAINTIFF'S RIGHTS UNDER 42 U.S.C § 1983

28. The above paragraphs are incorporated by reference.

29. At all times relevant to this complaint the defendant Jared Henry was acting under color of the state law.

30. By the actions described in the preceding paragraphs, the defendant Henry deprived the plaintiff of clearly established rights guaranteed by the Fourth, or the Eight

Amendment and/or the Fourteenth Amendment to the United States Constitution, including but not limited to:

    a.    freedom from illegal application of unreasonable and excessive force ;
    b.    freedom from intimidation and humiliation;
    c.    freedom from denial of due process of law and summary punishment;

31. In depriving the plaintiff of his clearly established constitutional rights the defendant Henry acted recklessly and/or with reckless indifference to plaintiff's constitutional rights.

32. Further, in depriving the plaintiff of his clearly established constitutional rights the defendant Henry clearly knew and/or should have known that violent application of excessive force, summary application of self-help punishment, and striking plaintiff already handcuffed and defenseless is unlawful and wrongful acts.

33. Further, defendant Henry enjoys no official and/or qualified immunity in that defendant Henry clearly knew and/or has reasons to know that it would be obvious and clear to a reasonable officer that violently striking already handcuffed and defenseless plaintiff is an unlawful and wrongful acts.

34. As a direct and proximate result of defendant Henry's violent actions, plaintiff suffered physical injury, agonizing pain, and other damages for which he is entitled to recover compensatory damages from the defendant.

WHEREFORE, plaintiff Joe Washington prays the court for judgment against defendant Jared Henry for actual and punitive damages, if applicable, in an amount in excess of $75,000.00 for violating plaintiff's clearly established constitutionally guaranteed civil rights, for plaintiff's costs, including reasonable attorney fees, and for all other reliefs the court find just and proper.

## COUNT TWO
## DONALD MOORE VIOLATED
## PLAINTIFF'S RIGHTS UNDER 42 U.S.C § 1983

35. The above paragraphs are incorporated by reference.

36. At all times relevant to this complaint the defendant Donald Moore was acting under color of the state law.

37. By the actions described in the preceding paragraphs, the defendant Moore deprived the plaintiff of clearly established rights guaranteed by the Fourth, or the Eight Amendment and/or the Fourteenth Amendment to the United States Constitution, including but not limited to:

    a. freedom from illegal application of unreasonable and excessive force ;
    b. freedom from intimidation and humiliation;
    c. freedom from denial of due process of law and summary punishment;

38. In depriving the plaintiff of his clearly established constitutional rights the defendant Moore acted recklessly and/or with reckless indifference to plaintiff's constitutional rights.

39. Further, in depriving the plaintiff of his clearly established constitutional rights the defendant Moore clearly knew and/or should have known that violent application of excessive force, summary application of self-help punishment, and striking plaintiff already handcuffed and defenseless is unlawful and wrongful acts.

40. Further, defendant Moore enjoys no official and/or qualified immunity in that defendant Moore clearly knew and/or has reasons to know that it would be obvious and clear to a reasonable officer that violently striking already handcuffed and defenseless plaintiff is an unlawful and wrongful acts.

41. As a direct and proximate result of defendant Moore's violent actions, plaintiff suffered physical injury, agonizing pain, and other damages for which he is entitled to recover compensatory damages from the defendant.

    WHEREFORE, plaintiff Joe Washington prays the court for judgment against defendant Donald Moore for actual and punitive damages, if applicable, in an amount in excess of $75,000.00 for violating plaintiff's clearly established constitutionally guaranteed civil rights, for plaintiff's costs, including reasonable attorney fees, and for all other reliefs the court find just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial to the jury of all disputed issues in this cause.

    Respectfully submitted,

/s/ Adebayo Ogunmeno
Prince Adebayo Ogunmeno KS # 14808
155 S. 18th Street, Suite 250
Kansas City, Kansas 66102-5654
Tel. (913) 233-2133
aikogun@ogunmenolawfirm.com
*Attorney for the Plaintiff*.